UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT STANKEWITZ, ) | 1:06-cv-01220-LJO-TAG HC |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITIONER'S |
| ) | MOTION FOR STAY OF PROCEEDINGS |
| v. ) | ON PETITION FOR WRIT OF HABEAS |
| ) | CORPUS |
| DERRAL G. ADAMS, et al., ) | (Doc. 12) |
| ) | |
| Respondents. ) | ORDER FOR PETITIONER TO FILE |
| ) | STATUS REPORTS |
| _____) | |
| | ORDER DIRECTING CLERK OF COURT |
| | TO ADMINISTRATIVELY CLOSE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on September 7, 2006. (Doc. 1). In the prayer for relief contained in the petition, Petitioner requested a stay of proceedings to exhaust remedies in state court. (Id.). Because the request for stay was not brought as a separate motion, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, requiring that any "application to the court for an order shall be by motion...," the Court was unaware that Petitioner was seeking a stay of proceedings at the time the petition was originally filed.

On December 18, 2007, the Court ordered Respondent to file a response. (Doc. 8). On January 28, 2008, Petitioner filed the instant motion for stay, seeking to exhaust Ground Six of the petition. (Doc. 12). On February 14, 2008, Respondent filed a motion to dismiss in lieu of a

response, alleged that the petition should be dismissed because it contained an unexhausted claim, i.e., Ground Six, and also arguing that no stay should be granted to exhaust Ground Six because Petitioner had been dilatory in exhausting that ground. (Doc. 13). On March 21, 2008, Petitioner filed his opposition to the motion to dismiss, contending that he had not been dilatory and had in fact made his request for stay at the first possible opportunity, i.e., in the original petition. (Doc. 17). On May 19, 2008, Petitioner filed an "informational notice" in which he indicated that he had filed his state habeas petition to exhaust Ground Six in the California Court of Appeal, that the Court had ordered Petitioner to respond to a declaration submitted to that court. (Doc. 18).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Id.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available

only in limited circumstances." 544 U.S. at 277.  Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

Regarding "good cause" for failure to exhaust, Petitioner has not indicated why he failed to exhaust Ground Six in the state courts; however, his recounting of the loss of his "jailhouse lawyer" in the preparation of the petition implies that Petitioner is not well-versed in the law and requires assistance from other prisoner's in the preparation of his arguments.  Hence, it would be unrealistic to expect that Petitioner would be familiar with the doctrine of exhaustion.  Thus, good cause appears to exist for Petitioner's failure to exhaust.

Second, Respondent's charges of dilatory conduct notwithstanding, since Petitioner did request a stay in the original petition, and thus apparently recognized that one or more of his federal claims were unexhausted, and given the length of time the Court requires, under its current heavy caseload, to respond to individual motions, it would be difficult to characterize Petitioner's conduct in this matter as dilatory, as that phrase is used in Rhines.  Moreover, the fact that Petitioner has, on his own initiative, apparently exhausted his issue through the Court of Appeal, is a further indication that Petitioner's bona fides to exhaust Ground Six.

Finally, although the record at present is currently incomplete regarding Ground Six, nothing in the record as presently constituted, and nothing in Respondent's motion to dismiss, suggests that Ground Six is "plainly meritless" under Rhines.  544 U.S. at 277-278.

Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's amended motion for a stay of the proceedings, including Respondent's motion to dismiss, and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

///

However, the Court will not indefinitely hold the petition in abeyance. See <u>Taylor</u>, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[1] Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 12), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report;

5. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims; and

///
///
///

---

[1] The filing should be entitled "Status Report."

1   6. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case. The
2   Court will direct the Clerk of the Court to re-open the case when and if the stay is lifted.

4   IT IS SO ORDERED.

5   Dated:   **July 23, 2008**                                      **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE