# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT STANKEWITZ, | 1:06-cv-01220-LJO-JLT HC |
| Petitioner, | ORDER VACATING STAY DATED JULY 24, 2008 (Doc. 19) |
| v. | ORDER DIRECTING CLERK OF THE COURT TO ADMINISTRATIVELY RE-OPEN CASE |
| DERRAL G. ADAMS, Warden, et al., | |
| Respondents. | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION FOR LACK OF EXHAUSTION (Doc. 13) |
| | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on September 7, 2006, raising six grounds for relief. (Doc. 1). On December 18, 2008, the Court ordered Respondent to file a response. (Doc. 8). On January 28, 2008, Petitioner filed a motion to stay proceedings in order to exhaust remedies in state court. (Doc. 12). Before the Court could rule on Petitioner's motion for stay, Respondent filed a motion to dismiss the petition, contending that one of the six claims was unexhausted. (Doc. 13). On July 24, 2008, the Court granted Petitioner a stay of proceedings to permit Petitioner to exhaust his claim in state court. (Doc. 19).

In that order, the Court required Petitioner to file regular status reports regarding his

exhaustion efforts. Following the filing of status reports on May 19, 2008, August 15, 2008, and October 3, 2008, Petitioner filed a status report on November 13, 2008 indicating that the California Court of Appeal, Fifth Appellate District ("5th DCA"), had denied his state habeas petition on October 6, 2008. (Doc. 24). In that status report, Petitioner also requested an extension of time of sixty days in which to prepare his "opposition to the appellate denial" of his state petition. (Id.). On November 25, 2008, the Court issued an informational order explaining to Petitioner that he must exhaust his claim in the California Supreme Court and that he must continue to file regular status reports or the stay would be lifted. (Doc. 25).

On January 14, 2010, after fourteen months of silence on the part of Petitioner, during which he failed to file any status reports or other updates with this Court, the Court issued an Order to Show Cause why the stay should not be lifted. (Doc. 26). This Order to Show Cause prompted a flurry of filings by Petitioner. First, on February 5, 2010, Petitioner filed a response in which he indicated that he still needs to exhaust his claim before the California Supreme Court but had been delayed in that process because he had been transferred to another prison and had not had full access to his legal documents. (Doc. 27). On February 9, 2010, Petitioner filed another response that reiterated his contention that his prison mail had been interfered with, that he had lost the services of a "jailhouse lawyer," and that, due to the prison's "draconian" policy limiting access to the prison law library, Petitioner "felt he could not proceed." (Doc. 29). Finally, on March 25, 2010, in a filing contesting the Court's denial of appointed counsel, Petitioner further iterated he was "presently exhausting his state remedies in the California Supreme Court as of March 21, 2010," and that he would file his next status report on or about April 21, 2010. (Doc. 32). To date, Petitioner has not filed any further status reports.

## DISCUSSION

A. Stay of Proceedings.

In attempting to corroborate Petitioner's allegation that he is "presently exhausting his state remedies in the California Supreme Court," the Court has accessed the California court system's

electronic database.[1]  A search of the California Supreme Court's database shows no evidence of any filing by Petitioner other than his original petition for review in his direct appeal, a filing that was denied on September 7, 2005.  Moreover, other than his allegations, Petitioner has provided no evidence, documentary or otherwise, in these proceedings that he has filed any document with the California Supreme Court seeking to exhaust his state court remedies.  Additionally, the Court notes that in his response to the Order to Show Cause dated February 9, 2010, Petitioner represented to the Court that he had not sought exhaustion in the California Supreme Court because of loss of access to his own legal documents, lack of access to the prison law library, and the unavailability of a jailhouse lawyer. (Doc. 29).  Accordingly, the Court finds that Petitioner has not yet commenced any habeas corpus proceeding in the California Supreme Court to exhaust his state remedies.

Under such circumstances, and given Petitioner's  misrepresentations to the Court regarding his efforts, or lack thereof, to exhaust his claims in state court, the Court further finds that Petitioner no longer meets the United States Supreme Court requirements for a stay of habeas proceedings, as outlined in Rhines v. Weber, 544 U.S. 269 (2005).   In that case,  the Court indicated that a stay was appropriate only when (1) good cause exists for a petitioner's failure to exhaust; (2) a petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that the petitioner engaged in "abusive litigation tactics or intentional delay."  Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005).  Also, the Supreme Court noted that the procedure of granting a stay of proceedings should be "available only in limited circumstances."  544 U.S. at 277.

Here, the Court finds that Petitioner has failed to meet the first and third requirements set forth above.  First, he has failed to establish good cause for allowing the case to languish in a state of complete inactivity since October 6, 2008, the date the California Court of Appeal, Fifth Appellate District ("5th DCA") denied his last state habeas petition, until the Court issued its Order to Show

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

Cause on January 14, 2010.  In the intervening fourteen months, Petitioner did absolutely nothing to exhaust his state remedies in the California Supreme Court.  Nevertheless, in recent filings with this Court, Petitioner has implied that he <u>has</u> filed a habeas petition with the California Supreme Court, by claiming that he "is presently exhausting his state remedies in the California Supreme Court as of March 21, 2010."  (Doc. 32, p. 2).  The Court finds no evidence to support such a claim.  Thus, under the circumstances, the Court further finds that Petitioner has "intentionally delayed" these proceedings within the meaning of <u>Rhines</u>, and, further, that Petitioner has acted in bad faith.  Accordingly, since Petitioner no longer satisfies the <u>Rhines</u> criteria, the stay will be lifted, the case will be administratively re-opened, and the Court will proceed on the petition and, consequently, the Court will address Respondent's motion to dismiss.

  B. <u>Motion to Dismiss</u>.

  Prior to the granting of the stay on July 24, 2008, Respondent filed a motion to dismiss the petition for lack of exhaustion.  (Doc. 13).  The Court has yet to rule on that motion, but will do so now, since it has ordered that the case be administratively re-opened.

    1. <u>Procedural Grounds for Motion to Dismiss</u>

  As mentioned, Respondent filed a motion to dismiss the petition because it contains an unexhausted claim.   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases; <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).

  The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on lack of exhaustion. Because Respondent's motion to dismiss is identical in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, both of which are permitted under Rule 4, and because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

      2.  <u>Motion to Dismiss For Lack of Exhaustion</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not

only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Respondent's motion to dismiss contends that the first five grounds in the petition were fully exhausted by the petition for review filed by Petitioner in the California Supreme Court during the course of his direct appeal. (Doc. 13, pp. 5-7). However, Respondent contends that ground six of the instant petition, i.e., the claim of prosecutorial misconduct, was not included in the petition for review filed in the California Supreme Court and therefore has not been exhausted. The Court agrees.

As discussed previously, the Court has found that Petitioner has filed only one proceeding in the California Supreme Court, i.e., his petition for review in his direct appeal. As part of the motion to dismiss, Respondent has lodged with the Court the petition for review filed by Petitioner in his direct appeal. (Lodged Documents ("LD") 7). Ground six in the instant petition states as follows:

> The Government participated in prosecutorial misconduct and selective prosecution, and such acts so affected the regularity of the trial and conviction as to violate the fundamental aspects of fairness which resulted in a miscarriage of justice of constitutional proportions.

(Doc. 1, p. 8).

A full review of the petition for review filed by Petitioner in the California Supreme Court establishes that it does not contain the claim set forth in ground six of the instant petition. Accordingly, the Court finds that Petitioner has not exhausted ground six.

Thus, the petition is a mixed petition, containing both exhausted and unexhausted claims.

Under such circumstances, the Court will recommend granting Respondent's motion to dismiss the mixed petition. Rhines v. Weber, 544 U.S. 269, 273, 125 S.Ct. 1528 (2005). However, the Court will also recommend that, before entering a judgment of dismissal, the Court grant leave for Petitioner to file an amended petition deleting ground six as an alternative to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-522 (1982); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005)(citing Rhines).

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The order, dated July 24, 2008, granting a stay of proceedings (Doc. 19), is VACATED; and,

2. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY RE-OPEN the case.

**RECOMMENDATIONS**

Moreover, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's Motion to Dismiss the petition for writ of habeas corpus (Doc. 13), be GRANTED because the petition contains an unexhausted claim; and,

2. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED, *with leave* for Petitioner to file an amended petition deleting the unexhausted claim and proceeding only on the exhausted claims.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within

1 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).

4 IT IS SO ORDERED.

5 Dated:   **May 6, 2010**                                              **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE