# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM ROBERT STANKEWITZ, | ) 1:06-cv-01220-LJO-JLT HC |
|---|---|
| Petitioner, | ) ORDER GRANTING PETITIONER'S MOTION TO SUBSTITUTE RESPONDENTS (Doc. 32) |
| v. | ) |
| DERRAL G. ADAMS, | ) ORDER DIRECTING CLERK OF THE COURT TO SUBSTITUTE THE NAME OF WARDEN MIKE MCDONALD FOR WARDEN DERRAL G. ADAMS AS NAMED RESPONDENT |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 14, 2008, Respondent filed a motion to dismiss the petition, contending that it should be dismissed as a mixed petition because Ground Six in the instant petition was not exhausted in state court. (Doc. 13). Subsequently, Petitioner requested, and was granted, a stay of proceedings in order to exhaust Ground Six. (Docs. 12 & 19). On May 5, 2010, the Court issued an order lifting the stay of proceedings because of Petitioner's failure to keep the Court apprised of the status of his exhaustion efforts through regularly filed status reports. (Doc. 33). That order also contained Findings and Recommendations that Ground Six was not exhausted, that the petition was therefore a mixed petition, and that Respondent's motion to dismiss should be granted. (Id.). The Findings and Recommendations indicated that Petitioner would be given an opportunity to withdraw Ground Six and proceed on the remaining claims before the Court

dismissed the petition outright as a mixed petition. The Findings and Recommendations were adopted by the District Judge on June 17, 2010. (Doc. 34). As part of that order, the Court required that Petitioner file a motion to withdraw the unexhausted Ground Six within fifteen days or risk having the entire petition dismissed as a mixed petition. On July 6, 2010, Petitioner filed a motion requesting that Ground Six be withdrawn and that he be permitted to proceed on the remaining, exhausted grounds. (Doc. 35). On July 7, 2010, the Court granted Petitioner's motion to withdraw Ground Six and, in the same order, required Respondent to file a response to the petition. (Doc. 36).

Previously, on March 5, 2010, Petitioner had filed a motion for appointment of counsel. (Doc. 30). On March 11, 2010, the Court denied that motion. (Doc. 31). On March 25, 2010, Petitioner filed the instant motion, which is apparently a combination of various requests and motions. (Doc. 32). First, Petitioner notes that he takes "exception" to the Court's denial of his motion for appointment of counsel. Second, Petitioner purports to provide a belated status report by indicating that he is "presently exhausting his state remedies in the California Supreme Court as of March 21, 2010." Last, Petitioner, citing Fed. R. Civ. Proc. 60(d)(1) and (2), and Rule 2 of the Rules Governing Section 2254 cases, requests that the Court substitute the name of his current warden for that of the named Respondent, Warden Derral G. Adams, who is no longer the warden of the facility at which Petitioner is presently confined. (Doc. 32, p. 2).

Accordingly, the Court will construe Petitioner's motion as a motion to substitute a new Respondent for the currently named Respondent. A petitioner filing a petition for writ of habeas corpus must name the state officer who has custody of the petitioner as the respondent. Rule 2 (a) of the Rules Governing § 2254 cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

In this case, petitioner is now incarcerated at High Desert State Prison, Susanville, California. At this time, Mike McDonald is the warden of that prison. Therefore, the Clerk of

the Court will be directed to substitute as Respondent the name of the proper warden. Petitioner's status report and "exception" to the Court's denial of the motion to appoint counsel were not presented as motions and do not appear to seek relief.  Accordingly, they do not require an order from this Court and are therefore disregarded.

      Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to substitute the present warden as named Respondent (Doc. 32), is GRANTED;
2. The Clerk of the Court is DIRECTED to substitute Mike McDonald for Derral G. Adams as the named respondent in this action.

IT IS SO ORDERED.

Dated:   **September 1, 2010**                         **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE